# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RAMSEY TREVINO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CENTER FOR HEALTH CARE** | § | **SA-08-CV-0140 NN** |
| **SERVICES,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

This order addresses the motions to dismiss filed by defendant Center for Health Care Services (the Center).[1]  In the motions, the Center asked the court to dismiss plaintiff Ramsey Trevino's claims for gender discrimination, race discrimination, hostile work environment, and invasion of privacy.  In the alternative, the Center asked for a more definite statement.

The Center asked for dismissal of Trevino's gender discrimination claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Center argued that Trevino's gender discrimination claim failed to state a claim for relief that can be granted because a transgendered person is not a member of a protected class.  The Center relied on federal authorities determining that transsexual persons do not comprise a protected class under Title VII and *Littleton v Prange*—a decision in which a Texas intermediate court of appeals determined that a transgendered plaintiff who was born a male was not a female spouse under the Texas Wrongful Death and Survival Statute.[2]

---

[1]Docket entry #s 22 & 30.

[2]*See Littleton v. Prange*, 9 S.W.3d 223, 231 (Tex. App.—San Antonio 1999, no pet.).

A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[3]  In considering a motion to dismiss, the court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff.[4]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5]

Under this standard, there are two reasons the Center's argument fails.

First, the Center's federal authorities[6] do not control the case because Trevino does not

---

[3]FED. R. CIV. P. 12(b)(6).

[4]*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

[5]*In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

[6]*See Etsitty v. Utah Transit Authority*, 502 F.3d 1215, 1221, 1224 (10th Cir. 2007) (concluding that discrimination against a transsexual based on the person's status as a transsexual is not discrimination because of sex under Title VII and declining to decide whether discrimination based on a transsexual employee's failure to conform to sex stereotypes constitutes discrimination "because of sex" because the plaintiff failed to raise a fact question about whether her former employer's reason for terminating her was pretextual); *Ulane v. Eastern Airlines*, 742 F.2d 1081, 1087 (7th Cir. 1984) (determining that the defendant-employer did not discriminate against the plaintiff because she was female, but because plaintiff was transsexual, and determining that Title VII does not prohibit discrimination against transsexuals); *Sommers v. Budget Marketing*, 667 F.2d 748, 750 (8th Cir. 1982) (holding that discrimination based on  transsexualism does not fall within Title VII's protective purview because Congress has not shown an intention to protect transsexuals and determining that plaintiff who was anatomically male and dressed as a female, and alleged discrimination, was not protected); *Holloway v. Arthur Andersen*, 566 F.2d 659, 661-64 (9th Cir. 1977) (considering whether Title VII permits an employer to discharge an employee for initiating sex-transformation process and determining that a  transsexual's decision to undergo sex change surgery does not bring the individual, or transsexuals as a class, within the scope of Title VII, but explaining that transsexuals claiming discrimination because of their sex, male or female, states a claim under Title VII).  *See also Kirkpatrick v. Seligman & Latz*, 636 F.2d 1047, 1050 (5th Cir.

allege that the Center discriminated against her because she is a transsexual or that the Center

treated her differently because she is a transsexual.[7]  Instead, Trevino asserted that the Center

discriminated against her because of her gender and that the Center treated her differently

because of her gender.[8]  Because no question exists that Title VII prohibits discrimination based

on gender,[9] Trevino pleaded "enough facts to state a claim to relief that is plausible on its face."[10]

Second, Texas law does not control in this case because Trevino has sued under federal

law—Title VII of the Civil Rights Act of 1964.  *Littleton* addressed Texas law—the Texas

Wrongful Death and Survival Statute.  The Center's authorities do not support dismissal of

Trevino's gender discrimination claims.  Trevino has stated a claim upon which relief may be

granted.[11]

---

1981) (rejecting male plaintiff's equal protection claim that former employer would not permit plaintiff to wear female clothing before under-going sex-change surgery).

[7]Because Trevino complained in her charge of discrimination—dated October 26, 2007— that she was discriminated on the basis her transsexual gender (male to female), an issue may exist about whether Trevino exhausted her administrative remedies in this case.  *See* docket entry # 4, attach. 3.  The Center did not question exhaustion.

[8]*See* docket entry # 20.

[9]*See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employers from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, [or] sex. . . .").

[10]*In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

[11]*See Smith v. City of Salem*, 378 F.3d 566, 574 (6th Cir. 2004) (reasoning that the Supreme Court's decision in *Price-Waterhouse* explained that employers who discriminate against women because they do not conform to gender stereotypes engage in sex discrimination because the discrimination would not occur but for the victim's sex and explaining how some courts classify plaintiffs as "transsexual" to legitimize discrimination based on the plaintiff's gender non-conformity, "by formalizing the non-conformity into an ostensibly unprotected classification").

The Center also asked for dismissal of Trevino's claims for race discrimination and hostile work environment.[12]  The Center did not advance a legal argument to support these requests, except to suggest that Trevino's complaint was insufficient.

Trevino has met her burden to plead enough facts to state a claim for relief that is plausible on its face.  Assuming the allegations in the complaint are true, Trevino's factual allegations—that she has been subjected to inappropriate comments, jokes, and a hostile work environment because of her race and gender—are enough to raise a right to relief above the speculative level.  The Center's suggestion that Trevino's complaint is insufficient does not entitle it to dismissal of Trevino's claims for race discrimination and hostile work environment.

The Center also complained that Trevino failed to plead an adverse employment action.[13]  Although evidence of an adverse employment action is part of a plaintiff's prima facie case for an employment-discrimination claim,[14] the Supreme Court has explained that the prima facie case is "an evidentiary standard, not a pleading requirement."[15]  The Court explained that the ordinary rules for assessing the sufficiency of a complaint apply.[16]  Rule 8 of the Federal Rules of Civil Procedure required Trevino to provide a short and plain statement of her claims showing that she is entitled to relief.  Trevino provided a short and plain statement of her claims showing that she is entitled to relief.  The Center's argument does not entitle it to dismissal of Trevino's

---

[12]*See* docket entry # 30.

[13]Docket entry # 30, ¶ 3.

[14]*See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001).

[15]*See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002).

[16]*See Swierkiewicz*, 534 U.S. at 511.

claims for race discrimination and hostile work environment.

Finally, the Center asked for dismissal of Trevino's invasion of privacy claim on sovereign-immunity grounds.[17]  Invasion of privacy is an intentional tort under Texas law.[18] "The Texas Tort Claims Act provides that sovereign immunity exists for intentional torts. Therefore, [the Center], as a state agency, cannot be held liable for intentional torts of its employees."[19]  The Center is entitled to dismissal of Trevino's invasion-of-privacy claim.

The Center asked in the alternative for a more definite statement, complaining about various paragraphs of Trevino's complaint.  Rule 12(e) of the Federal Rules of Civil Procedure permits a defendant to move for a more definite statement if the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  Because the federal rules require notice pleading and provide for liberal discovery, motions for more definite statement are disfavored.[20]  The Center's complaints about Trevino's complaint address evidentiary burdens rather than pleading requirements.  The Center's request for specific information is more appropriate for discovery.[21]  Trevino's complaint is not so vague or ambiguous that the Center cannot reasonably prepare an answer.  Consequently, Trevino is not required to provide a more definite statement.

---

[17]Docket entry # 22, ¶ 3.

[18]*Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1 Dist.] 1999, pet. dism'd w.o.j.).

[19]*Id*. (citations omitted).

[20]*See Scarfato v. Nat'l Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

[21]*See Nebout v. City of Hitchcock*, 71 F. Supp.2d 702, 706 (S.D. Tex. 1999) (stating that "a motion for a more definite statement may not be used as a substitute for discovery").

The Center's authorities do not support dismissal of Trevino's gender discrimination claims; therefore, I DENY the Center's motion to dismiss Trevino's gender-discrimination claim (docket entry #s 22 & 30).  The Center's suggestion that Trevino's complaint is insufficient does not entitle it to dismissal of  Trevino's claims for race discrimination and hostile work environment; therefore I DENY the Center's request for dismissal of those claims (docket entry #s 22 & 30).  Because governmental immunity shields the Center from liability for the intentional torts of its employees, I GRANT the Center's request for dismissal of Trevino's invasion-of-privacy claim (docket entry # 22).  Because Trevino's complaint is not so vague or ambiguous that the Center cannot reasonably prepare an answer, I DENY the Center's request for a more definite statement (docket entry # 22).

**SIGNED** on September 29, 2008.


NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE