# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAMSEY TREVINO, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| CENTER FOR HEALTH CARE § | SA-08-CV-0140 NN | |
| SERVICES, § | | |
| § | | |
| Defendant. § | | |

**NOTICE REGARDING SUA SPONTE CONSIDERATION OF SUMMARY JUDGMENT**

The purpose of this order is to notify plaintiff Ramsey Trevino that I am considering summary judgment on Trevino's race-discrimination claim[1] for a reason not raised by defendant Center for Health Care Services's motion for summary judgment.[2] Ordinarily, a court may not enter summary judgment in the absence of a written motion,[3] but summary judgment is permitted in the absence of a written motion if a written motion is unnecessary and the parties have adequate notice and an opportunity to be heard.[4] In this case, a written motion is unnecessary because the record indicates that Trevino did not exhaust her race-discrimination claim.

A Title VII plaintiff must exhaust her administrative remedies with the Equal

---

[1] *See* docket entry # 37 (Trevino's second amended complaint, count one).

[2] Docket entry # 42.

[3] *See* FED. R. CIV. P. 56 (providing for motions for summary judgment); *Matter of Hailey*, 621 F.2d 169, 171 (5th Cir. 1980) (observing that Rule 56 does not indicate that a judge may render a summary judgment sua sponte).

[4] *See Matter of Hailey*, 621 F.2d at 171 (explaining that a party must be timely served and given an opportunity to respond and present summary judgment evidence).

Employment Opportunity Commission (EEOC) before filing her lawsuit.[5]

> In order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 180 days of the alleged discriminatory act. . . . If and once the EEOC issues a right-to-sue letter to the party who has filed the EEOC charge, that party has 90 days to file a Title VII action.[6]

Trevino's charge of discrimination reflects that she complained about gender discrimination and retaliation, but it does not reflect that Trevino complained about race discrimination.[7] Because the charge does not allege race discrimination, the charge indicates Trevino did not exhaust her race-discrimination claim and the claim is subject to dismissal. Nevertheless, I am mindful of the importance of notice and the opportunity to be heard. Consequently, I notify Trevino that I am considering dismissing her race-discrimination claim because she did not exhaust her race-discrimination claim. Because the Local Court Rules for this district give a party 11 days from service a motion to respond, Trevino has 11 days from service of this order to present argument and/or evidence showing that she exhausted her race-discrimination claim. If Trevino does not show that she exhausted her race-discrimination claim, I will dismiss the claim for failing to exhaust administrative remedies.

**SIGNED** on July 27, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[5] *See Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006).

[6] *Id.*

[7] *See* docket entry # 44, exh. T.